# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUF WORLDWIDE, LLC<br><br>   Plaintiff,<br>vs.<br>WAL-MART STORES, INC., et al.,<br><br>   Defendants. | CASE NO. 16cv751-LAB (WVG)<br><br>**ORDER OF DISMISSAL** |

## I. Summary

To survive a motion to dismiss for failure to state a claim, a plaintiff must "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Huf Worldwide sued various Walmart entities and Ebuys, Inc. ("Walmart") for trademark infringement because Walmart resells Huf shoes and apparel that are likely to cause confusion because they are "materially altered."[1] Huf doesn't dispute that Walmart is reselling actual Huf shoes, but says Walmart has materially altered the shoes in two ways: (1) Walmart may obscure barcode labels on the outside of Huf boxes; and (2) Walmart's resales void Huf's warranty. Huf's allegations fail to state a plausible claim "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Huf also alleges state law claims for unfair competition and interference with prospective economic relations.

## II. Analysis

The Lanham Act allows trademark owners to sue competitors using an unauthorized copy of their mark that's "likely to cause confusion." 15 U.S.C. § 1114 and 1125(a).[2] But resale "of the original article under the producer's trademark is neither trademark infringement nor unfair competition." *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1076 (9th Cir. 1995). Courts call this principle the *first sale rule*, but it's another way of saying that reselling authentic goods isn't trademark infringement because "confusion ordinarily does not exist when a genuine article bearing a true mark is sold." *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987). Under the first sale rule, it's not enough to allege that "consumers erroneously believe the reseller is affiliated with or authorized by the producer." *Sebastian*, 53 F.3d at 1076. Instead, the plaintiff must allege that the resold products are *materially different*. *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1093 (9th Cir. 2013). "The key question is whether a consumer is likely to consider a difference relevant when purchasing a product." *Id.*

Huf says products sold by Walmart aren't "authentic Huf products, as they are products of changed character that [ ] are no longer genuine."[3] Huf admits that Walmart is reselling *actual* Huf shoes, but says the shoes aren't *genuine* because they are different in two ways: (1) Walmart may obscure Huf's barcode labels; and (2) Walmart's resales void Huf's warranty.

**1.   Obscured Barcodes**

First, Huf didn't adequately allege how Walmart changed the character of Huf's shoes by obscuring barcodes. Huf believes Walmart has "changed, obscured, removed or defaced" or "altered, obliterated, and/or replaced" Huf's barcodes "with fraudulent ones."[4] Six verb variations of "to change"—with the infamous "and/or" conjunctive-disjunctive—is as close as

---

[2] The court analyzes both provisions together. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 n.8 (9th Cir. 1999).

[3] Complaint ¶ 36.

[4] Complaint ¶ 26, 76–77.

it gets to a *tell* in legal writing: Huf doesn't know what, if anything, Walmart has done to alter the barcodes.

Walmart speculates that Huf may have in mind something innocuous and far more quotidian than allegations of "obliterating" barcodes: it's possible that some of Walmart's new "price tags may cover some portion of the bar codes or other tags initially placed on the boxes." Why a consumer would consider this difference relevant, Huf hasn't explained. Putting a new price tag on a resold item is par for the course. If these barcodes are a crucial "quality control mechanism" that permits detection of counterfeits or gives Huf the ability to recall defective products, Huf hasn't sufficiently outlined those allegations. *See Zino Davidoff v. CVS*, 571 F.3d 238, 240 (2d Cir. 2009).

### 2. Voided Warranties

Second, Huf says it offers warranties on its products, but only for those "that are sold through authorized dealers." Walmart isn't an authorized dealer. Ergo, Walmart sales void the Huf warranty. Maybe so. But that's a conclusion for the Court to draw based on sufficient alleged facts. And here, Huf hasn't even offered the Court the specific language of its warranty. Nor has Huf offered the Court a sufficient statement of how the void warranty is likely to cause confusion or why consumers consider the warranty a relevant difference. The Court's not asking for evidence. But Huf hasn't put the Court in a position to draw reasonable inferences that the company is entitled to relief.

Even if Huf can fix these problems, the Ninth Circuit precludes an infringement claim based on voided warranties alone. In *NEC Elecs. v. CAL Circuit*, the court granted summary judgment to competitors who resold a trademark owner's products, despite evidence that some customers "mistakenly thought" products were protected by a trademark holder's "servicing and warranties." *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1508 (9th Cir. 1987).[5] The Ninth Circuit explained that even if the competitors that resold the products had

---

[5] The Ninth Circuit didn't offer much analysis in *NEC*, but other cases have confirmed this holding. *Sebastian v. Longs Drug Stores*, 53 F.3d 1073, 1076 (9th Cir. 1995)("this court's holding in *NEC*, which applied the 'first sale' doctrine despite the district court's finding that some purchasers" "mistakenly thought their chips were protected by" "servicing and warranties."); *Upper Deck v. CPG Direct*, 971 F. Supp. 1337, 1342 (S.D. Cal. 1997) (same).

misled the customers about the servicing and warranties, the plaintiff's remedy was "in contract or tort, but not in trademark." *Id.* at 1510. Huf didn't address this case.[6]

### III. Conclusion

"It is the essence of the 'first sale' doctrine that a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act." *Sebastian*, 53 F.3d at 1076 (9th Cir. 1995). Huf hasn't pled facts from which the Court can draw a reasonable inference that Huf's entitled to relief because Walmart resells products that are materially different.

The Court declines to exercise supplemental jurisdiction over the remaining state claims. Huf's real concern seems to turn on its authorized retailers breaking their contracts with Huf and Walmart's possible role inducing those retailers to breach their existing contracts. State court may be the more appropriate venue for this dispute, as the claims sound more "in contract or tort" rather than federal trademark law. *NEC*, 810 F.2d at 1508.[7]

Because significant time has passed since the motions were filed, and Rule 15 provides for "extreme liberality" in amendment, the Court allows Huf an opportunity to replead. *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). If Huf files an amended complaint, it must do so on or before **March 21, 2017**. Walmart's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

DATED: February 28, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[6] Huf cited *Toshiba v. Advantage Telecom*, 19 F. App'x 646 (9th Cir. 2001). But the Court can't rely on that case. *See* Ninth Circuit Rule 36-3. Huf also cited *Beltronics v. Midwest*, 562 F.3d 1067 (10th Cir. 2009), which says void warranties may create confusion and result in possible infringement. But that case isn't binding precedent either. The Court notes that the sensible fix discussed in *Beltronics* suggests Walmart could remedy the problem by simply disclosing the voided warranty to its customers.

[7] Huf repeatedly referenced the Central District—the Court notes that venue is currently in the Southern District.